UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00244 JVS (ADSx) | Date | 4/10/2020 |
| Title | Yan Kawabata v. FCA US LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order Regarding Motion to Remand Case and Motion to Strike

    Plaintiff Yan Kawabata ("Kawabata") moves to remand this action to the Orange County Superior Court. Mot., ECF No. 14. Defendant FCA US LLC ("FCA") opposes the motion. Opp'n, ECF No. 17. Kawabata replied. Reply, ECF No. 16.

    FCA subsequently filed a motion to strike Kawabata's First Amended Complaint ("FAC"). Mot. Str., 16-2. Kawabata filed an opposition to this motion. MS Opp'n, 24. FCA replied. MS Reply, 25.

    For the following reasons, the Court **GRANTS** the Motion to Remand and **DENIES** the Motion to Strike. The Court further finds that oral argument would not be helpful on this matter and **VACATES** the April 13, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

## I. BACKGROUND

    Kawabata filed the initial complaint in the Superior Court of California, County of Orange, Case No. 30-2020-01122406-CU-BC-NJC, on January 7, 2020. Compl., ECF No. 1-1. The Complaint alleged one violation of the Song-Beverly Consumer Warranty Act against FCA. Id. at ¶¶ 9-24. The Complaint alleged the following.

    On December 29, 2016, Kawabata purchased a new 2017 Jeep Wrangler. Id. at ¶ 6. Express and implied warranties from FCA as manufacturer and/or distributor of the vehicle accompanied the purchase. Id. at ¶¶ 7, 10, 13. However, the vehicle was delivered with serious defects including several engine and electrical defects. Id. at ¶ 8.

Kawabata delivered the vehicle to authorized FCA repair facilities on numerous occasions, but FCA failed to either promptly replace or make restitution in accordance with the Song-Beverly Consumer Warranty Act. Id. at ¶¶ 15, 18.

FCA was served on January 13, 2020, and subsequently removed the action to this Court on February 7, 2020 on the grounds of diversity jurisdiction. See Removal, 1, 3, ECF No. 1. On February 18, 2020, Kawabata filed the FAC without seeking leave from the Court which was not required under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. See FAC, ECF No. 11. The FAC added a new cause of action for a violation of the Song-Beverly Consumer Warrant Act against a new defendant, Surf City Auto Group, Inc. ("Surf City"), a corporation with its principal place of business in Huntington Beach, California. Id. at ¶¶ 3, 25-40. The FAC alleges that Surf City is a "seller," "retailer," and FCA's authorized repair facility. Id. at ¶ 28. Kawabata purchased the vehicle from Surf City and delivered the vehicle to Surf City for repair. Id. at ¶¶ 6, 31. However, Surf City was unable to conform the vehicle to its applicable express and implied warranties after a reasonable number of attempts, and failed to either promptly replace the vehicle or make restitution. Id. at ¶¶ 32-34.

## II. Legal Standard

### A.   Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Id. (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00244 JVS (ADSx) | Date | 4/10/2020 |
|---|---|---|---|
| Title | Yan Kawabata v. FCA US LLC et al. | | |

favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden to demonstrate that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### B. Motion to Strike

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)).

### III. DISCUSSION

### A. Motion to Remand

Kawabata argues that this case should be remanded because no diversity of citizenship exists since its newly added defendant, Surf City, is a California resident. Mot., 10-13. FCA argues that Kawabata improperly amended the complaint without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00244 JVS (ADSx)                    Date  4/10/2020

Title  Yan Kawabata v. FCA US LLC et al.

leave pursuant to 28 U.S.C. § 1447(e), because the amendment destroyed the complete diversity upon which it relied in removing the action. Opp'n, 3-4.

While Kawabata amended the complaint within the deadlines stated in Federal Rule of Civil Procedure 15(a)'s as-of-right standard, to add non-diverse defendants after removal, a plaintiff is required to "show that joinder is proper pursuant to 22 U.S.C. § 1447(e)." See Gonzalez v. FCA US LLC, 2020 WL 1444941, at *2 (C.D. Cal. Mar. 24, 2020); Martinez v. FCA US LLC, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020); Williams v. FCA US, LLC, 2020 WL 967355, at *2 (C.D. Cal. Feb. 27, 2020); Marroquin v. Target Corp., 2019 WL 2005793, at *5 (C.D. Cal. May 7, 2019). Under 28 U.S.C. § 1447(e) the Court has the discretion to deny joinder, or permit joinder and remand the action to the State court. In determining whether to permit joinder that destroys diversity, courts in this district consider:

> 1. whether the party sought to be joined is needed for just adjudication and would be joined under Fed.R.Civ.P. 19(a);
>
> 2. whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
>
> 3. whether there has been unexplained delay in seeking the joinder;
>
> 4. whether the joinder is solely for the purpose of defeating federal jurisdiction;
>
> 5. whether the claim against the new party seems valid;
>
> 6. the possible prejudice that may result to any of the parties in the litigation;
>
> 7. the closeness of the relationship between the new and the old parties;
>
> 8. the effect of an amendment on the court's jurisdiction; and

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00244 JVS (ADSx)                    Date  4/10/2020

Title     Yan Kawabata v. FCA US LLC et al.

     9. the new party's notice of the pending action.

Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015).  Here, the Court is satisfied that the Murphy factors favor joinder and remand.

     Under Federal Rule of Civil Procedure 19, joinder is required of those whose absence would preclude the "grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations."  Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002) (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999)).  This standard is met when "'failure to join will lead to separate and redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'"  Boon, 229 F. Supp. 2d at 1022 (citing IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)).  FCA argues that Surf City is not needed for adjudicating this matter because the "main crux of [Kawabata's] claims relate to the breach of warranties issued by FCA," and Surf City may at best provide certain documents or witnesses, but is not a required party.  Opp'n, 7.  However, Surf City is the party that sold and attempted to repair the vehicle at issue, and one of FCA's affirmative defenses is contributory negligence alleging that the damages sustained by Kawabata, if any, resulted from third parties (presumably the party repairing the vehicle, Surf City).  See Aff. Def., ECF No. 1-3; FAC, ¶¶ 7, 29.  Therefore, joinder under Rule 19 is met because failure to join Surf City here would lead to a redundant action and Surf City is hardly a "tangential" party.

     The Statute of Limitations does not appear to bar Kawabata's claims under the Song-Beverly Act against Surf City.  While Kawabata argues that there could be a statute of limitations issue if FCA establishes that Surf City was negligent, Kawabata has not brought a negligence claim.  See Mot., 14; Reply, 12; see generally, FAC.

     Here, there has been no unexplained delay in seeking joinder.  While Kawabata was obviously aware that Surf City was the dealer where Kawabata purchased the vehicle and surrendered it for repair, Kawabata explains that it was not until FCA filed its answer that Kawabata became aware that "FCA claimed that the defects or failed repairs were caused by the negligence of third parties such as Surf City."  Mot., 7.  Kawabata then amended the complaint within 21 days of FCA's answer.  The Court is satisfied with this explanation especially given that this action is in its early stages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 20-00244 JVS (ADSx)　　　　　Date　4/10/2020

Title　Yan Kawabata v. FCA US LLC et al.

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." Sabag v. FCA US, LLC, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). To determine the validity of plaintiff's claims, the Court does not use the standard of a motion to dismiss or a motion for summary judgment, instead, the Court "need only determine whether the claim seems valid." Id. Here, Kawabata's claim of a violation of the Song-Beverly Act against Surf City appears to be legitimate on its face because Surf City was the dealership where the vehicle was purchased and where the vehicle was surrendered for repair. See FAC, ¶¶ 25-40; Cal. Civ. Code § 1792; Sabag, 2016 WL 6581154, at *6 ("[C]ourts have found car dealers liable for breach of warranty under the Song-Beverly Act."). While FCA argues that joinder of Surf City was "merely a reaction" to removal, it supplies no real evidence in support of its position. See Opp'n, 8. Thus, these factors favor removal.

Here, prejudice favors removal and joinder. If the Court were to deny joinder, Kawabata would have to file a new lawsuit against Surf City in State court while maintaining this action even though the lawsuits would be substantially similar, pertaining to the same vehicle, and arising out of the same conduct. While FCA argues that it will be prejudiced in "having its ability to litigate a matter in federal court denied" if the Court permits joinder, the potential prejudice suffered by Kawabata is greater. Opp'n, 9.

Surf City as a dealership is closely related to FCA as the manufacturer of the vehicle, which favors joinder. See Martinez, 2020 WL 223608 at *2. It is unclear whether Surf City already had notice of this action.

Joinder here would destroy jurisdiction. However, joinder and remand is appropriate because the party sought to be joined would be joined under Fed. R. Civ. P. 19(a); there has been no unexplained delay in seeking joinder and the action is in its early stages; FCA has not established that joinder is solely for the purpose of defeating jurisdiction; the claim against Surf City seems valid; there exists a possibility of prejudice against Kawabata if Surf City is not joined, and Surf City and FCA are closely related.

Because the Court finds it appropriate to have all of the relevant defendants joined in a single case, the Court allows joinder, and remands the action to the Superior Court of California, County of Orange because there is no longer complete diversity.

### B.  Motion to Strike

In view of the remand, FCA's motion to strike the FAC is denied as moot.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Remand and **DENIES** the Motion to Strike as moot.  The Court further finds that oral argument would not be helpful on this matter and **VACATES** the April 13, 2020 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

|                   | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |